JMK:ICR

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    -against-

STEVEN S. CERUTI,

           Defendant.

- - - - - - - - - - - - - - - - - - - - X

15 M 01

AFFIDAVIT AND COMPLAINT
IN SUPPORT
OF APPLICATION FOR
AN ARREST WARRANT

(T. 18, U.S.C., § 922(g)(1))

EASTERN DISTRICT OF NEW YORK, SS:

        DAVID M. JOEL, being duly sworn, deposes and states that he is a Detective with the New York City Police Department ("NYPD"), duly appointed according to law and acting as such.

        Upon information and belief, on or about August 13, 2015, within the eastern District of New York, the defendant STEVEN S. CERUTI, having been convicted in a court of one or more crimes punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess in and affecting interstate or foreign commerce a firearm, to wit: a chrome Taurus .357 Magnum revolver, and ammunition.

        (Title 18, United States Code, Section 922(g)(1))

The source of your deponent's information and the grounds for his belief are as follows[1]:

1. My information in this case comes from a review of records of the NYPD and conversations with other law enforcement officers.

2. In the early morning hours of August 13, 2015, police officers assigned to the NYPD's Patrol Borough Brooklyn north Anti-Crime Unit ("ACU") were driving in an unmarked Chevrolet Impala north on Thomas Boyland Boulevard in Brooklyn, New York, when they observed an individual, later identified as the defendant STEVEN S. CERUTI, walking west on Herkimer Street.

3. A police officer in the vehicle ("Officer #1") observed that the defendant was adjusting his athletic shorts and observed what appeared to be the grip of a firearm protruding from the waistband of his athletic shorts.

4. The police vehicle drove up behind the defendant on Herkimer Street. The defendant turned and looked at the unmarked police vehicle. Although unmarked, the vehicle the ACU officers were riding in had emergency lights positioned above the rearview mirror facing toward the windshield and behind the vehicle's grill. The emergency lights are visible to those in relatively close proximity to the vehicle even when they are not turned on.

5. After observing that the unmarked police vehicle was driving up behind him, the defendant began running and ducked into a park between Herkimer Street and Fulton Street. Two of the ACU officers ("Officer #2" and "Officer #3"), who were not

---

[1] Because this affidavit is being submitted for the limited purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

dressed in uniform but were in plainclothes, jumped out of the unmarked police vehicle and began running after the defendant, while loudly identifying themselves as law enforcement and instructing the defendant to stop.

6. The defendant ignored the ACU officers' instructions to stop and continued running through the park to Fulton Street, then turned to run north on Thomas Boyland Boulevard before running east on Hull Street. On Hull Street, the defendant ran onto the sidewalk, ducked behind a car and then attempted to double back and run in the opposite direction (west) down Hull Street. Before the defendant could begin running west down Hull Street, Officer #2, who was running east down Hull Street after the defendant, caught up to the defendant, who was facing Officer #2 as the defendant was about to begin running west on Hull Street, and Officer #2 observed the defendant holding a chrome revolver in his hand while he faced Officer #2. Officer #2 drew his weapon, pointed it at the defendant and ordered the defendant to drop his firearm and sit on the ground.

7. The defendant complied with Officer #2's commands and was taken into custody without further incident. ACU officers recovered a chrome .357 Magnum Taurus brand revolver and seven rounds of ammunition from the location on the ground where the defendant had placed it.

8. Based on my discussions with an interstate nexus expert from the Bureau of Alcohol, Tobacco, Firearms, and Explosives I know that Taurus brand firearms are manufactured outside the State of New York.

9. I have reviewed the defendant's criminal history records and have determined that the defendant has been convicted of numerous crimes, including, as relevant

here, attempted assault in the second degree with intent to commit physical injury, in violation of New York Penal Law § 120.05(2), a crime punishable by a term of imprisonment of more than one year, for which the Kings County Supreme Court sentenced the defendant to five years of probation on November 10, 2008.

WHEREFORE, your deponent respectfully requests that the defendant STEVEN S. CERUTI be dealt with according to law.

_____
DAVID M. JOEL
Detective
New York City Police Department

Sworn to before me this
19th day of August, 2015

_____
THE HONORABLE VIKTOR V. POHORELSKY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

4